IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02240-PAB-DW

VIESTI ASSOCIATES, INC.,

      Plaintiff,

v.

PEARSON EDUCATION, INC.,

      Defendant.

---

### ORDER

---

This matter is before the Court on the Motion to Dismiss [Docket No. 13] filed by defendant Pearson Education, Inc. ("Pearson").  The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338.

## I.  BACKGROUND[1]

Plaintiff Viesti Associates, Inc. ("Viesti") is a stock photography agency that licenses photographs for editorial and advertising purposes.  Docket No. 1 at 1, ¶ 2. Pearson is a textbook publisher located in Delaware whose publications are sold and distributed throughout the country.  *Id*. at 2, ¶ 3.

The complaint alleges that the "photographers identified in Exhibits 1-16 (the 'Photographers') assigned their copyrights to the photographic images depicted in Exhibits 1-16 (the 'Photographs')" to Viesti.  Docket No. 1 at 2, ¶ 7; *see also* Docket

---

[1]The following allegations are drawn from Viesti's Complaint [Docket No. 1] and are taken as true.

Nos. 1-4 to 1-20.  The complaint asserts that the photographs are "registered with the United States Copyright Office, except some in Exhibits 3 and 13" marked "Not registered - Non-US work."  Docket No. 1 at 2, ¶ 7; *see also* Docket Nos. 1-6, 1-16.  The complaint avers that the photographs in Exhibit 3 and Exhibit 13 that are not registered with the Copyright Office are "non-United States works" and, as such, are exempt from the registration requirements of the Copyright Act.  Docket No. 1 at 2, ¶ 7.

The complaint alleges that, between 1991 and 2003, Pearson purchased limited licenses to use the photographs identified in Exhibits 1 to 16 in numerous educational publications.  *Id*. at 2-6, ¶¶ 8-23.  The complaint asserts that the limited licenses imposed express limitations on Pearson's use, such as the number of permissible copies Pearson could sell, the distribution area in which Pearson could sell, and the duration of Pearson's use of the photographs for each publication.  *Id*.  The complaint contends that, "[u]pon information and belief," Pearson exceeded the use permitted by the terms of the licenses or, in some cases, used the photographs without first seeking permission.  *Id*. at 7, ¶¶ 28-29.  Plaintiff alleges that it did not know of Pearson's unauthorized use of the photographs because Pearson "never disclosed its unauthorized use[] . . . nor did Pearson seek additional permission to use" the photographs.  *Id*. at 8-9, ¶ 34.  Plaintiff further asserts that it requested that Pearson disclose the full extent of its unauthorized use of the photographs before it filed this case, which Pearson declined to do.  *Id*. at 6, ¶ 26.

As a result of these events, Viesti brings claims for relief against Pearson for copyright infringement, contributory copyright infringement, and vicarious copyright

infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* Docket No. 1 at 10-11. Pearson now moves to dismiss Viesti's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 13.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint need not allege specific facts, but need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

## III.  ANALYSIS

### A.  Copyright Infringement

Pearson argues that Viesti fails to state a claim of copyright infringement because Viesti does not sufficiently allege that all of the photographs identified in the complaint are registered with the Copyright Office. Docket No. 13 at 10-11. Second, Pearson claims that Viesti does not sufficiently allege that it owns the copyrights for the photographs because Viesti does not describe the terms of the assignments. *Id*. at 6-7. Third, Pearson contends that Viesti does not have standing to raise its claims because

it does not allege that it owned the copyrights for the photographs "at the time of the alleged infringement."  *Id*. at 9.  The Court addresses these arguments in turn.

### 1. Registration Requirement

Pearson argues that the Court should dismiss Viesti's complaint because it does not allege specific facts regarding the registration of each individual photograph. Docket No. 13 at 10.

To state a claim for copyright infringement, Viesti must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012).  The owner of a valid copyright "is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it."  17 U.S.C. § 501(b).  Section 411(a) provides, among other things, that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration[2] or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).

In *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010), the Supreme Court held that § 411(a) imposed a non-jurisdictional precondition – copyright registration – that plaintiffs must satisfy before filing copyright infringement claims.  *Id*. at 157.  However, the Supreme Court declined to address "whether § 411(a)'s registration requirement is a mandatory precondition to suit" that district courts may enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works.  *Id*. at 171.

---

[2]Preregistration is applicable to works being prepared for commercial distribution. *See* 17 U.S.C. § 408(f).

The Tenth Circuit has held that a plaintiff can only bring a suit for copyright infringement after "a copyright is registered, and such registration occurs when the Copyright Office approves the application."  *La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1203-04 (10th Cir. 2005), *abrogated on other grounds by Reed Elsevier*, 559 U.S. at 166-68.  The Tenth Circuit rejected the proposition that a work is registered within the meaning of § 411(a) upon submission of a copyright application and found that the statute requires "actual registration by the Register of Copyrights."  *Id*. at 1205.

The complaint in this case alleges that, "Viesti, by assignment, is the owner and exclusive copyright holder of the Photographs" at issue in this case.  Docket No. 1 at 2, ¶ 7.  The complaint further states that the photographs assigned to Viesti are "registered with the United States Copyright Office, except some in Exhibits 3 and 13" marked "Not registered - Non-US work."  *Id*.

Pearson argues that Viesti's factual allegations do not satisfy Rule 8 because they provide no information "pertaining to the registration of the hundreds of photographs at issue, or attach the copyright registrations" for these photographs.  Docket No. 13 at 10.  Pearson claims that Viesti's allegations are conclusory and contends that Viesti must attach the relevant copyright registrations to the complaint or detail when and how each photograph was registered.  *Id*. at 11-12.  In support of this argument, Pearson cites three cases: *Muench Photography, Inc. v. The McGraw-Hill Cos. Inc.*, No. 12-cv-06595-LAP (S.D.N.Y. Oct. 9, 2012) (attached as Exhibit 2, Docket No. 23-1); *Curington v. UMG Recordings, Inc.*, 2011 WL 3568278 (M.D.N.C. Aug. 12,

2011); and *Vargas v. Pfizer, Inc.*, 418 F. Supp. 2d 369, 373-74 (S.D.N.Y. 2005).  The Court finds that these cases do not support Pearson's argument.

First, *Muench* involved a different procedural posture than this case.  The court in *Muench* denied the plaintiff's request to file an amended complaint for copyright infringement based on two of its previous orders: *Muench Photography v. Houghton Mifflin Harcourt Publ'g Co.*, 712 F. Supp. 2d 84, 94 (S.D.N.Y. 2010) ("*Muench I*"); and *Muench Photography v. Houghton Mifflin Harcourt Publ'g Co.*, 2012 WL 1021535, at *1 (S.D.N.Y. March 26, 2012) ("*Muench II*").  In *Muench I*, the defendant had filed a motion to dismiss the plaintiff's copyright infringement claim for failure to register the subject photographs with the Copyright Office.  712 F. Supp. 2d at 86.  Because the parties attached documents and other materials to their briefs that were not referenced in the complaint, the court converted the defendant's motion to dismiss into a motion for summary judgment, *id*. at 89, and ruled that plaintiff's individual images were not registered with Copyright Office because the plaintiff was not listed as an author on the registration form and copyright protection for "the registration of a collective work reaches the individual works only when the author of the collective work [listed on the registration form] authored each of the individual works."  *See id*. at 94.

Consistent with this ruling, in *Muench II*, the court denied plaintiff's request to file an amended complaint submitting supplementary registration documents, finding that a supplementary registration did not cure the issues with plaintiff's complaint as none of the individual images were previously registered with the Copyright Office.  *See Muench II,* 2012 WL 1021535, at *3 (rejecting plaintiff's attempts to file "supplementary

registration[s]" because the court had "previously determined that 'the registrations at issue [ ] cover only the [Corbis] database as a whole (the compilation) but do not cover Plaintiff's individual contributions' and that '[t]he individual works . . . are not registered'") (citation omitted).  By the time the court in *Muench II* denied Muench's request to file an amended complaint, the court had already reviewed the copyright registrations themselves.  That is not the case here.  Moreover, Pearson provides no other support for its contention that, to satisfy Rule 8's plausibility standard, Viesti must attach copyright registrations to its complaint.

Second, the court in *Curington* dismissed the plaintiffs' complaint because the plaintiffs had not sufficiently alleged that they owned the copyright to the sound recording of the song "Last Night Changed It All" by Esther Williams.  2011 WL 3568278, at *3.  Plaintiffs attached an exhibit to their amended complaint showing that plaintiff Curington owned the copyright to the musical composition of an Esther Williams song, but not the sound recording.  *Id*. at *2.  The court dismissed the plaintiffs' copyright infringement claim because it concluded that a copyright for the musical composition of a song is not equivalent to the copyright for the sound recording and, therefore, the plaintiffs' own attachment contradicted their factual allegations in the complaint.  *Id*. at *3-4.  In this case, because neither party has attached documents to their pleadings contradicting Viesti's allegation that the photographs are registered with the Copyright Office, Pearson's reliance on *Curington* is misplaced.

Third, the court in *Vargas* granted the defendant's motion for summary judgment on the plaintiff's copyright infringement claim because the plaintiff did not attach a

7

certificate of registration to its complaint.  418 F. Supp. 2d at 373-74.  However, the

court granted the plaintiff leave to file an amended complaint attaching the relevant

copyright registration.  *Id.* at 374.  Because the *Vargas* court issued its ruling on a

motion for summary judgment, it says little about the pleading requirements under Rule

8.

Accordingly, the Court will deny Pearson's request to dismiss the complaint and

finds that Viesti's allegation that the "Photographs have been registered with the United

States Copyright Office" satisfies Rule 8's notice pleading requirements.  *See Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that Rule 8(a)(2) "requires only a

'short and plain statement of the claim showing that the pleader is entitled to relief,' in

order to give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests").

### 2.  *Assignment*

Pearson argues that the Court should dismiss Viesti's claims of infringement

because the complaint's limited allegations regarding the assignment agreements do

not satisfy Rule 8's pleading requirements.  Docket No. 13 at 7-8; Docket No. 23 at 2-4.

Under the Copyright Act, for a plaintiff to assert a claim of copyright infringement,

he or she must be (1) the "legal or beneficial owner of an exclusive right under a

copyright" and (2) entitled "to institute an action for any infringement of that particular

right committed while he or she is the owner of it."  17 U.S.C. § 501(b).  Rule 8 of the

Federal Rules of Civil Procedure requires that a pleading contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

8(a)(2).  The Supreme Court has held that a claim has "facial plausibility when the

8

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

In this case, Viesti alleges that it is the owner of the copyrights by virtue of assignments from the photographers.  Docket No. 1 at 2, ¶ 7.  Viesti claims that Pearson infringed its copyrights when it exceeded the scope of its licenses.  *Id*. at 7, ¶¶ 28-29.  Taking these allegations as true, the Court finds that Viesti's allegations are sufficient to state a valid claim of copyright infringement.  *See Blehm*, 702 F.3d at 1199 (to state a claim of copyright infringement, plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original").

Although Pearson argues that Viesti must attach the assignments to its complaint in order to satisfy Rule 8's pleading requirements, Pearson cites no cases that stand for the proposition that a plaintiff must attach or specifically describe the language of its assignments in order to satisfy *Twombly's* plausibility standard.  As noted by the Supreme Court, "[s]pecific facts are not necessary; the statement [in the complaint] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson*, 551 U.S. at 93.  In this case, because Viesti alleges that it is the owner of the copyrights and that its claims of infringement are based on Pearson's use of the licences, the Court finds that these allegations provide Pearson with sufficient notice of Viesti's claims.  *See* Fed. R. Civ. P. 8(a)(2).

To the extent that Pearson argues that Viesti's averments are conclusory, the Court disagrees.  Because Viesti's factual allegations allow "the court to draw the reasonable inference" that Viesti owns the copyrights at issue based on the

assignments, Viesti's allegations nudge its claims across the line from conceivable to plausible. *Iqbal*, 556 U.S. at 678.  The question of whether the assignments actually transfer ownership of the copyrights to Viesti necessarily requires an analysis of the language of the assignments and consideration of other relevant evidence on the merits, which the Court finds is not appropriate for a motion to dismiss. *See, e.g., Righthaven LLC v. Wolf*, 813 F. Supp. 2d 1265, 1268 (D. Colo. 2011) (converting the Rule 12(b)(1) motion into one for summary judgment).  Accordingly, because Viesti is not required to allege facts about the specific language of the underlying assignments in order to satisfy *Twombly's* plausibility standard, the Court will deny Pearson's request to dismiss the complaint on this basis.  *See Erickson*, 551 U.S. at 93 (noting that a complaint "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citation omitted).

### 3.  *Accrued Right of Action*

Pearson argues that Viesti does not have standing to assert claims of copyright infringement that accrued before Viesti secured assignments from the photographers. Docket No. 13 at 10.  In response, Viesti claims that an assignee of a copyright can assert accrued claims of copyright infringement so long as the assignment transfers both ownership of the copyright and the accrued claims.  Docket No. 17 at 8.

In *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991), the Second Circuit held that the assignment of a copyright does not transfer the right to assert accrued causes of action unless this right is expressly included in the assignment.  In *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 890 (9th Cir. 2005),

the Ninth Circuit held that the bare assignment of an accrued cause of action for copyright infringement is impermissible under the Copyright Act.  The Ninth Circuit in *Silvers* acknowledged, in dicta, that an assignee of a copyright could assert accrued causes of action if the copyright owner assigned both ownership of the copyright and the accrued copyright infringement claims.  *Id*. at 890 n.1.  The Tenth Circuit has yet to rule on this issue.

Pearson argues that Viesti cannot assert copyright infringement claims because the complaint does not specifically allege that Viesti was "the owner of the exclusive rights at the time of the alleged infringements."  Docket No. 13 at 10.  As noted above, the Court finds that Viesti has sufficiently alleged a claim of copyright infringement against Pearson.[3]  17 U.S.C. § 501(b); *Blehm*, 702 F.3d at 1199 (to state a claim of copyright infringement, plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original").  Accordingly, because Viesti's complaint meets the pleading requirements of Rule 8, the Court will deny Pearson's motion to dismiss.

_____

[3]Pearson argues that the Court must dismiss Viesti's complaint because Viesti does not allege that its assignment gave it the right to sue on accrued claims.  Docket No. 23 at 5-6.  Assuming Viesti must allege the assignment of accrued claims, its failure to do so would not warrant dismissal as this deficiency could easily be cured by an amendment.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (noting that dismissal with prejudice is appropriate only if "it would be futile to allow the plaintiff an opportunity to amend his complaint").  Moreover, Viesti seeks damages and prospective relief in the form of a "permanent injunction against Defendants and anyone working in concert with them from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint."  Docket No. 1 at 11, ¶ 1.  Thus, regardless of whether Viesti is entitled to an award of damages for accrued claims, Viesti's allegations are sufficient to state a claim for Pearson's copyright infringement that occurred after the filing of the complaint and for prospective injunctive relief.

### B.   Contributory and Vicarious Copyright Infringement

Pearson argues that the Court should dismiss Viesti's claims of contributory and vicarious copyright infringement because Viesti does not sufficiently allege that Pearson knowingly induced or materially contributed to a third party's copyright infringement. Docket No. 13 at 14.  In addition, Pearson contends that dismissal is warranted because the complaint's allegations are conclusory with regard to Pearson's ability to supervise the alleged third parties' infringing activity.  *Id*.

Secondary liability for copyright infringement may be imposed where a party has not committed direct infringement, but nonetheless played a significant role in direct infringement committed by others.  *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 398, 422 (S.D.N.Y. 2011).  A party is liable for contributory infringement when it "intentionally induc[es] or encourag[es] direct infringement" by a third party.  *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).  By contrast, a party commits vicarious infringement "by profiting from direct infringement while declining to exercise a right to stop or limit" the third party's infringing activity.  *Id.* (citation omitted).  Although the Copyright Act did not expressly contemplate liability based on a third party's infringement, these doctrines of secondary liability "emerged from common law principles and are well established."  *Id*.

### 1.   *Contributory Copyright Infringement*

To state a claim of contributory copyright infringement, a plaintiff must allege that the defendant "with knowledge of the infringing activity" induced, caused, or materially contributed to the infringing conduct of another.  *Wolk v. Kodak Imaging Network, Inc.*,

840 F. Supp. 2d 724, 750 (S.D.N.Y. 2012); *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971).  An allegation that a defendant merely provided the means to accomplish an infringing activity is insufficient to allege a claim for contributory infringement.  *Grokster*, 545 U.S. at 937.  Rather, liability exists if the defendant engages in personal conduct that encourages or assists the infringement.  *Id*.  Thus, to state a claim for contributory copyright infringement, Viesti must allege that: (1) Pearson infringed its copyrights in the photographs; (2) third parties infringed its copyrights in the photographs; (3) Pearson induced, caused, or materially contributed to the third parties' infringement; and (4) a causal connection existed between Pearson's inducement and the third parties' infringement.  *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013).

The complaint alleges that "Pearson transmitted the Photographs to other entities, subsidiary companies, divisions, affiliates, and/or third parties, who then translated the publications at issue into additional languages and included the Photographs in the translated publications without permission."  Docket No. 1 at 9, ¶ 35.  In addition, the complaint claims that "Pearson had knowledge of the unauthorized use of the Photographs" by third parties and "Pearson enabled, induced, caused, facilitated, or materially contributed to the unauthorized use of the Photographs."  *Id*. at 10, ¶¶ 44-45.  Moreover, the complaint avers that "Pearson profited from its unauthorized transmission of the Photographs to other entities."  *Id*. at 9, ¶ 37.

Taking these allegations as true, the Court finds that the complaint does not state a plausible claim of contributory copyright infringement.  Although the complaint

alleges that Pearson "enabled, induced, caused, facilitated, or materially contributed to the unauthorized use of the Photographs," Docket No. 1 at 9, ¶ 36, these allegations are insufficient because they are nothing more than a recitation of one element of a contributory copyright infringement claim. *Iqbal*, 556 U.S. at 678 (noting that "a formulaic recitation of the elements of a cause of action will not do"). There are no factual assertions describing how Pearson enabled, induced, or facilitated the infringement of the photographs. Although the complaint states that Pearson "transmitted" the photographs, simple transmission does not equate inducement because this element "premises liability on purposeful, culpable expression and conduct" that is shown by "affirmative steps taken to foster infringement." *Grokster*, 545 U.S. at 936. Therefore, without additional factual assertions, the Court cannot draw a reasonable inference that Pearson enabled, induced, or materially assisted the misconduct alleged. *Iqbal*, 556 U.S. at 678 (noting that "naked assertion[s]" devoid of "further factual enhancement" are insufficient to state a plausible claim). Moreover, even though the complaint avers that Pearson had "knowledge of the unauthorized use of the Photographs," Docket No. 1 at 10, ¶ 44, the Supreme Court has held that "mere knowledge of infringing potential or of actual infringing uses" is not enough to establish liability. *Grokster*, 545 U.S. at 937; *Wolk*, 840 F. Supp. 2d at 751 (noting that "knowledge" means "actual or constructive knowledge of specific and identifiable infringements of individual items," not "a general awareness that there are infringements"). Without factual allegations describing instances of Pearson encouraging or promoting third parties to infringe Viesti's photographs, the complaint does not permit the Court to infer more than the mere possibility of Pearson's

14

misconduct.  However, allegations that are merely consistent with the possibility that Pearson is liable fail to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.

### 2.   Vicarious Copyright Infringement

Vicarious copyright infringement exists when a defendant profits from direct infringement "while declining to exercise the right to stop or limit it."  *Grokster*, 545 U.S. at 914.  Unlike contributory infringement, knowledge is not required to show vicarious infringement and a plaintiff need only establish that a defendant directly benefitted from the third parties' infringement and had the ability to control the third parties' infringing conduct.  *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007).  The Supreme Court has also indicated that the ability-to-control test requires that a defendant "declin[e] to exercise [its] right to stop or limit" the third party's infringing activity.  *Grokster*, 545 U.S. at 930.  Thus, to state a claim of vicarious copyright infringement, Viesti must allege that: (1) a third party infringed its copyrights in the photographs; (2) Pearson had the ability to control or supervise the third party's infringing activities; (3) Pearson failed to exercise its right to stop the third party's infringement; and (4) Pearson had a direct financial interest in the infringing activity. *Perfect 10*, 494 F.3d at 802.

The complaint alleges that "Pearson had the right and ability to prevent the infringing conduct of other entities."  Docket No. 1 at 10, ¶ 49.  In addition, the complaint claims that "Pearson received a direct financial benefit from the unauthorized use of the Photographs."  *Id*. at ¶ 50.

15

Taking these allegations as true, the Court finds that the complaint does not state a plausible claim of vicarious copyright infringement.  Viesti's allegations, just like the ones regarding contributory infringement, are insufficient because they are nothing more than a recitation of one element of a vicarious copyright infringement claim.  *Iqbal*, 556 U.S. at 678.  The factual averments present no evidence to support a plausible inference that Pearson had the right or ability to prevent infringing conduct of unidentified third parties.  *See Perfect 10*, 508 F.3d at 1173 (noting that a person has control over a third party if it has "both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so").  Given that no third parties are identified in the complaint, Viesti's claim that Pearson had the right to control these unidentified third parties is speculative and conclusory.  *Iqbal*, 556 U.S. at 678 (noting that, although for the purposes of a motion to dismiss courts must take all of the factual allegations in the complaint as true, courts are not bound to a legal conclusion couched as a factual allegation).  Without additional factual assertions, the Court cannot draw a reasonable inference that Pearson vicariously infringed Viesti's copyrights.  *Id.*  Thus, because Viesti's allegations do not sufficiently allege the second element of a vicarious copyright infringement claim, the complaint has "not nudged [its] claim[ ] across the line from conceivable to plausible."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citation omitted).

In summary, because the complaint does not sufficiently allege claims of contributory and vicarious copyright infringement, the Court will dismiss Viesti's second and third claims for relief without prejudice.  *See Brereton v. Bountiful City Corp.*, 434

16

F.3d 1213, 1219 (10th Cir. 2006) (noting that dismissal with prejudice is appropriate only if "it would be futile to allow the plaintiff an opportunity to amend his complaint").

IV.   **CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint [Docket No. 13] is **GRANTED** in part and **DENIED** in part as indicated in this Order.  It is further

**ORDERED** that plaintiff's Second and Third claims for relief are dismissed without prejudice.

DATED August 12, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge